# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARGARETT L. HARMON-<br>DAWKINS,<br>               Appellant, | DOCKET NUMBER<br>CH-0752-14-0250-I-1 |
| v. | DATE: April 15, 2015 |
| DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>               Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Oliver Sanders</u>, Ecorse, Michigan, for the appellant.

<u>Wayne A. Hales</u>, Detroit, Michigan, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from the GS-9 position of Social Worker for failure to maintain the requirements of her position, specifically, failure to obtain certification at the independent master's level within 3 years of her appointment. Initial Appeal File (IAF), Tab 8, Subtabs 4b-4c, 4f. The appellant appealed the agency's action, IAF, Tab 1, and, during proceedings before the administrative judge, the parties entered into a settlement agreement, IAF, Tab 27. The agreement provided that the appellant would withdraw her appeal with prejudice in return for the agency's rescinding the removal, accepting the appellant's resignation for medical reasons, and agreeing to assist, support and provide relevant documentation in its possession concerning the appellant with respect to her applications for disability retirement and the State of Michigan unemployment benefits. *Id*. The administrative judge found that the agreement was entered into freely by the parties and was lawful on its face. IAF, Tab 28, Initial Decision (ID). The administrative judge entered the settlement agreement into the record for enforcement and dismissed the appeal with prejudice. ID at 2.

¶3    In her petition for review, the appellant alleges that on the day after she signed the settlement agreement, she learned that, prior to the parties' entering

into the agreement, the agency had attempted to block her receipt of unemployment benefits. Petition for Review (PFR) File, Tab 1. She states that she notified the administrative judge and asked him to rescind the agreement. *Id.* She asserts that the administrative judge's dismissing the appeal as settled after she contacted him asking to rescind the agreement constitutes bias on his part. *Id.* The agency has responded in opposition to the petition. PFR File, Tab 3. The appellant has not replied to the agency's response.

¶4   A party may challenge the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994). Here, there is no assertion that the agreement was unlawful or involuntary. The settlement agreement was signed by both the appellant and her representative. IAF, Tab 27; *see, e.g.*, *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 18 (2006). Further, the appellant has not asserted that she was mentally impaired or unable to either understand the agreement or to assist her representative. Thus, the appellant has not shown that she involuntarily entered into the agreement. *See, e.g.*, *Swidecki*, 101 M.S.P.R. 110, ¶¶ 17-19. Therefore, it appears that the appellant is seeking to set aside the agreement on the basis of fraud or mutual mistake. A party seeking to set aside a settlement agreement on the basis that it was tainted by fraud or mutual mistake bears a heavy burden. *See Cassidy v. U.S. Postal Service*, 65 M.S.P.R. 86, 90 (1994).

¶5   In this case, the settlement agreement changed the basis of the appellant's separation from removal for failure to meet a condition of her employment to voluntary resignation. The agency agreed, in effect, to change its posture regarding the appellant's unemployment benefits claim to reflect the basis of her separation provided in the settlement. The appellant has not asserted that the agency failed to comply with the provision of the agreement that it would assist her to obtain unemployment benefits on the basis of her resignation. Indeed, the record shows that, after she filed her petition for review, the State of Michigan

awarded the appellant unemployment benefits. PFR File, Tab 3, Subtab E. The appellant's assertions on review fail to establish that the agency acted fraudulently or in bad faith concerning her claim to unemployment benefits before the basis of her separation became a resignation. *See Hoffman v. Department of the Navy*, 71 M.S.P.R. 484, 486 (1996).

¶6     Likewise, the appellant's discontent with the administrative judge's alleged action of issuing the initial decision after she had contacted him about wanting to rescind the settlement does not provide a basis for disturbing the initial decision or setting aside the agreement. The administrative judge properly found that the agreement was entered into freely by the parties and was lawful on its face and thus properly entered the agreement into the record and dismissed the appeal as settled. *See Futrell-Rawls v. Department of Veterans Affairs*, 115 M.S.P.R. 322, ¶ 8 (2010) (before dismissing an appeal as settled, an administrative judge must document for the record that the parties reached a settlement agreement, understood its terms, and agreed whether it was to be enforceable by the Board); *see also Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 148-49 (1988) (same). To the extent that the appellant claims that the administrative judge was biased, the appellant's conclusory claims of bias, none of which involve extrajudicial conduct, do not overcome the presumption of honesty and integrity that accompanies a hearing officer. *See Wadley v. Department of the Army*, 90 M.S.P.R. 148, ¶ 6 (2001).[2]

---

[2] On review, the appellant also contends that, since she entered into the agreement, the agency has refused to help her with "disability assistance." *Id*. In its response to the petition, the agency states that it remains ready, willing, and able to assist the appellant with her application for disability benefits. PFR File, Tab 3. Further, attached to the agency's response, is a copy of an email sent on January 9, 2015, after the appellant filed her petition for review, in which an agency official indicates that he sent the appellant by certified mail documents that the agency had prepared for her to submit with her application for disability retirement. *Id*. We find that, under these circumstances, it is appropriate not to treat this action as a petition for enforcement based on the appellant's bare assertion, made before the date of the email, that the agency failed to comply with the provision of the settlement to assist her in applying for

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

---

disability retirement.  *Cf. Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 9 (2010) (the Board forwards an appellant's allegations of noncompliance with a settlement agreement, made in a petition for review, to the regional office for processing as a petition for enforcement).

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                     _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.